CHARLES CURRIER *vs.* DANIEL SILLOWAY & others.

The separate admission of each member of an alleged partnership is competent evidence against him, but not against the other supposed members, to prove the partnership; and where it does not appear from the bill of exceptions that such an admission was allowed to affect others than the person making it, that fact will not be presumed in this court.

A writ issued in the name of the supposed partnership, and bearing thereon the affidavit necessary to give the supreme judicial court jurisdiction, and made by one of the persons named therein as partners, is competent evidence against him to prove the existence of the partnership at a period several months later than the time of making the affidavit, there being no evidence of a subsequent dissolution.

A written agreement respecting such suit, and filed therein, signed by the attorney of the alleged partnership, is competent evidence for the same purpose, against those whose connection with the suit is otherwise shown.

CONTRACT upon a promissory note signed " D. Silloway & Co.," dated December 9 1853. At the trial in the superior court, before *Ames*, J., the plaintiff offered evidence tending to prove the existence of a partnership between the three defendants, Silloway, Currier, and Poor, from early in 1852 to December 15 1853. Among other evidence to prove the partnership the plaintiff was allowed to put in, under objection, two writs brought by the defendants against the Neptune and the Hope insurance companies, in which they were described as partners, and upon which Silloway had made the affidavit necessary to give jurisdiction to the supreme judicial court. These writs were dated April 4 1853. The plaintiff was also allowed to put in, under objection, certain papers filed in the same suits December 8 1859, signed by E. Merwin, as attorney of Silloway & Co., and agreeing as to the amount of the verdict and acknowledging payment thereof. No question was made that Mr. Merwin was their attorney in those suits. At a subsequent stage of the case, the defendant Poor testified that he had received $5,000 upon the judgments obtained against the insurance companies The signature to the note was made by the defendant Currier, who was defaulted. The verdict was for the plaintiff against the other two defendants, who alleged exceptions.

*S. B. Ives, Jr.* for the defendants.

*J. W. Perry & H. G. Johnson,* for the plaintiff.

BIGELOW, C. J.   It was competent for the plaintiff to prove the existence of the copartnership by the separate admissions of each of the defendants.   Such proof could only affect those who were shown to have made the admissions.   But if the plaintiff could prove that each defendant had acknowledged the existence of the copartnership which he sought to charge, he would thereby make out his case against all.   In the present case, it does not appear that the evidence admitted by the court was allowed to have any operation beyond an admission affecting only the party who was proved to have made it.   We cannot now presume, in the absence of any statement to the contrary in the bill of exceptions, that the evidence was admitted or used for any illegal or illegitimate purpose.   *Collins* v. *Stephenson,* 8 Gray, 441.   *Day* v. *Moore,* 13 Gray, 522.

There can be no doubt that the writ in the action in favor of the alleged copartnership against the insurance companies was very strong evidence of an admission by the defendant Silloway.   It contained his affidavit that the firm, composed of the very persons whom the plaintiff sought to charge in this suit, was in existence.

The written agreement made by the attorney in that suit is of more doubtful competency.   But it seems to us to be the admission of an agent, made while acting within the scope of his employment, and as such competent evidence against his principals.   It was therefore admissible as against Silloway, because there was evidence to show he was one of the firm in whose favor that suit was brought; and also against Poor, the other defendant, because he is shown to have received the proceeds of the verdict rendered in said action in pursuance of the agreement.

It is no objection to the competency of this evidence that it tended to show the existence of the firm some months prior to the date of the note in suit.   The fact that such a firm then existed was proof bearing on the issue; and, if there was no evidence of its subsequent dissolution, would lead legitimately to the inference that it continued until the note declared on was given.                                        *Exceptions overruled.*